Emanuel Hayden, Plaintiff, *v.* Ida Dubensky Hayden, Defendant.

Supreme Court, Bronx County, April 6, 1926.

Husband and wife — annulment of marriage — action under Civil Practice Act, § 1134, to annul marriage upon ground that former wife of husband was living at time plaintiff married second wife — parties herein entered into second marriage in good faith, in belief first wife had been killed in " pogrom " in Russia during World War — plaintiff entitled to annulment — decree should provide that issue of second marriage is legitimate child of parties herein — plaintiff liable for support and maintenance of child.

Plaintiff, who married defendant five years after he had received what he believed to be reliable information that his first wife had been killed in a " pogrom " in Russia during the World War, at a time when he was confined in a German prison camp, is entitled in an action brought under section 1134 of the Civil Practice Act, to the annulment of his marriage to said defendant, where it appears that the parties herein entered into their marriage in good faith and are merely the victims of the chaotic social, economic and political conditions which existed in Russia during and subsequent to the war, and the evidence shows that plaintiff made every effort possible, under the circumstances, to locate his first wife. The decree of annulment should provide that the issue of the second marriage be declared the legitimate child of the parties herein and that the custody of said child be awarded to the defendant; plaintiff must provide for its support, maintenance and education.

Action by the husband to annul his marriage to the defendant under section 1134 of the Civil Practice Act which provides: " An action to annul a marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife."

*George O. Arkin,* for the plaintiff.

No appearance for the defendant.

Gibbs, J. A most unusual and extraordinary situation is presented by the evidence. The testimony adduced on the trial shows that the plaintiff was married to Molly Hayden at Ekaterinislav, Russia, on December 27, 1913, and that a child was born as the result of said marriage, said child now being eleven years of age; that in the month of May. 1915, the plaintiff was drafted into the service of the Imperial Russian Army. While actively engaged in the field at Branowitz, Minsk, in December of same year, he was made a prisoner of war by the German military forces and confined in a German prison camp at Munster, Westphalia. Prior to his capture he sent frequent letters to his wife but received no reply. He remained a prisoner of war for about three

years. During the spring of 1916 he was informed by a friend and fellow prisoner of war that his wife had been murdered in one of the many " pogroms " incidental to Jewish life in Russia during the late war. On the day of the armistice, November 11, 1918, he escaped and made his way to Holland where he remained until the early part of the year 1920, receiving employment as an attache of the Russian Embassy. He endeavored to communicate with his wife hoping that she might still be alive. In January, 1920, he migrated to the United States and established his residence in the county of Bronx. He continued to write letters to his wife at Ekaterinislav but received no reply. In the spring of 1921 he was also informed by a cousin, Rachel Anixt, a resident of New York, that his wife and child had been killed in a " pogrom," thus confirming the information received while in captivity. On April 1, 1922, believing that his wife Molly Hayden was dead, he married the defendant in this action. A child three years of age is the issue of the second marriage. He continued to live with the defendant until the early part of 1923 when he learned that his first wife, Molly Hayden, and child were alive and living in Kiev, Soviet Russia. He immediately sent them money and made application for United States citizenship. His first wife arrived in this country during the month of December, 1925, having received her steamship tickets and other expenses for the journey from the plaintiff. Plaintiff immediately after learning that his first wife was still alive ceased to cohabit with the defendant. Molly Hayden, the plaintiff's first wife, was called to the witness stand and testified that in the spring of 1916 there was a " pogrom "' of large proportions in Ekaterinislav and she fled with her child, then about three years of age, to Kiev, and that she had never heard from her husband although she had made many inquiries as to his whereabouts.

The issue of the second marriage (a female child) is in the custody of the defendant and the plaintiff requests that she be declared the legitimate child of plaintiff and defendant, and that the defendant continue to have the custody of said child.

It is evident that both of the parties to this action entered into their marriage in good faith and are the victims of the chaotic and disturbed social, economic and political conditions which existed in Russia during and subsequent to the war. It is no exaggeration to say that the social fabric was well nigh destroyed. It is easily understood that dislocation of the normal channels of communication would naturally follow. I am convinced that plaintiff undoubtedly made every effort possible under the circumstances to locate his first wife. He did not enter into the second marriage

until at least five years had elapsed following news of the death of his first wife. The situation is extremely unfortunate for the defendant. She offers no opposition and apparently recognizes that plaintiff is without blame. Her attitude seems to be friendly to· plaintiff and his wife.

,· I conclude, in view of the evidence, that plaintiff is entitled to a decree annulling the marriage on the grounds set forth in the complaint. Said decree to provide that the issue of said marriage be declared the legitimate child of both plaintiff and defendant; custody to be awarded to the defendant and that the plaintiff is to provide for the support, maintenance and education of said child. Submit findings and judgment.